IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

GREGORY JAY RAMBO,                                    CV. 05-1518-KI

        Petitioner,                              OPINION AND ORDER

  v.

GUY HALL,

        Respondent.


HARRISON LATTO
400 S.W. Sixth Avenue, Suite 600
Portland, Oregon 97204

    Attorney for Petitioner

HARDY MYERS
Attorney General
LESTER R. HUNTSINGER
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon 97301-4096

    Attorneys for Respondent

KING, Judge

    Petitioner brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons which follow, the petition is denied and this proceeding is dismissed, with prejudice.

1 -- OPINION AND ORDER

## BACKGROUND

This action arises out of two state prosecutions and one federal prosecution. On August 26, 1999, petitioner was indicted in state court on charges of robbery, burglary, escape, and criminal trespass. On September 22, 1999, petitioner was indicted in a second state proceeding on multiple charges of robbery and felon in possession of a firearm.

The federal prosecution stemmed from a bank robbery committed on August 18, 1999. Petitioner was indicted for that crime on September 14, 1999. Petitioner pled guilty to the charge on October 5, 1999. On January 5, 2000, he was sentenced to 151 months imprisonment.

On March 27, 2000, petitioner plead guilty and no-contest to all of the state charges. Petitioner was sentenced to 228 months imprisonment, *to run concurrent with* the federal sentence. Petitioner did not file a direct appeal.

Petitioner sought state post-conviction relief alleging that (1) he was denied his right to a speedy trial; (2) he was denied effective assistance of counsel; and (3) his guilty plea was not knowing and voluntary. The post-conviction court concluded that petitioner's speedy trial claim was not properly raised in the post-conviction proceeding; that trial counsel was not ineffective; and that petitioner's plea was not involuntary. Nevertheless, the court granted petitioner relief as follows:

2 -- OPINION AND ORDER

The court's denial of petitioner's other claims, however, does not mean that the court (and the defendant) do not recognize petitioner is nonetheless entitled to post-conviction relief. Petitioner pled guilty and no-contest with the understanding that his state sentences would run concurrently to his federal sentence. Petitioner should be entitled to reap the benefit of the agreed-upon plea negotiation. Further, petitioner is entitled to pursue post-conviction relief in order to achieve the benefit of the agreed-upon plea negotiation.

* * * * *

Defendant is willing to agree to relinquish Oregon's priority of jurisdiction in order to achieve the intent of petitioner's plea agreement. * * * Defendant believes that an order from this court should suffice to transfer priority of jurisdiction to the Federal Bureau of Prisons. This should accomplish the trial court's intended goal of having petitioner's state sentence run concurrently to petitioner's federal sentence. In the alternative, if an order waiving priority of jurisdiction will not accomplish this, the petitioner's state sentence shall be vacated, he shall be released to federal custody, and his state cases shall be remanded to the state trial court for re-sentencing in conformance with the plea agreement for concurrent state and federal time.

Petitioner appealed, alleging that he was denied his right to a speedy trial, and that trial counsel was ineffective for requesting, and consenting to, set overs of the trial date without ensuring the availability of alibi witnesses. Petitioner filed a supplemental *pro se* brief complaining about counsel and seeking remand to the trial court. However, the *pro se* brief contains no assignments of errors and is not easily discernable. The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. <u>Rambo v. Czerniak</u>, 198 Or. App. 534, 109 P.3d 803, <u>rev. denied</u>, 339 Or. 66 (2005). Petitioner also filed a state

3 -- OPINION AND ORDER

habeas corpus petition and a successive post-conviction proceeding, both of which were denied.

In the instant proceeding, petitioner raises four grounds for relief, alleging that he received ineffective assistance of counsel and was denied due process by virtue of the fact that the trial judge failed to take a proper oath of office. Respondent moves the court to deny habeas corpus relief on the basis that all but one claim involve pre-plea defects which were waived by petitioner's guilty and no contest pleas; and the sole remaining claim was procedurally defaulted. Petitioner offers no response to respondent's arguments and, instead, argues that habeas relief should be granted on a basis not alleged in the petition--that his guilty plea was not knowing and voluntary.

## DISCUSSION

### I.    Ground for Relief One - Ineffective Assistance of Counsel.

####    A.    Procedurally Defaulted Claims.

#####    1.    Respondent's Assertion of the Defense.

In petitioner's first ground for relief, petitioner alleges seventeen claims of ineffective assistance of counsel ("IAC") (some of which are redundant). In his answer to the petition, respondent asserts that petitioner "procedurally defaulted on certain issues by failing to timely pursue to completion all the available remedies, and habeas review of those issues should be denied." (Answer at 2.) In his accompanying memorandum, however, respondent

4 -- OPINION AND ORDER

addresses procedural default only as it relates to one IAC claim, arguing that the remaining claims were waived by petitioner's guilty plea. In response, petitioner fails to address any of his IAC claims or the issue of procedural default.

Based on the foregoing, I conclude that respondent adequately raised the defense of procedural default by pleading it generally in his answer. Alternative, I conclude that *sua sponte* consideration of the affirmative defense, as to all of petitioner's IAC claims, furthers the interests of judicial efficiency in light of the number of IAC claims pled, *both* parties' failure to address the substance of the claims, and my conclusion that respondent's waiver argument does not apply to *all* of petitioner's IAC claims. See Vang v. Nevada, 329 F.3d 1069, 1073 (9th Cir. 2003) (court may *sua sponte* raise issue of procedural default if it furthers the interests of judicial efficiency); see also Hill v. Lockhart, 474 U.S. 52, 58-59 (1985) (recognizing IAC claim for failure to investigate in guilty plea context); but see Moran v. Godinez, 57 F.3d 690, 700 (9th Cir. 1994), cert. denied, 516 U.S. 976 (1995) (holding that IAC claim premised upon counsel's failure to prevent use of confession waived by guilty plea).

   2.   Petitioner's Procedural Default.

On appeal from the denial of post-conviction relief, petitioner alleged only that counsel was ineffective for waiving his right to a speedy trial and failing to ascertain the

5 -- OPINION AND ORDER

availability of alibi witnesses. Although petitioner also filed a supplemental *pro se* brief to the Oregon Court of Appeals, complaining generally of counsel's performance, any claims raised in that brief were not raised to the Oregon Supreme Court on review. Accordingly, all of petitioner's IAC claims, with the exception of the related claims that counsel waived petitioner's right to a speedy trial without ascertaining the availability of alibi witnesses, are procedurally defaulted. <u>Gatlin v. Madding</u>, 189 F.3d 882, 888 (9th Cir. 1999), <u>cert. denied</u>, 528 U.S. 1087 (2000) (exhaution requires presentation to state's highest court); <u>Galvan v. Alaska Dept. of Corrections</u>, 397 F.3d 1198, 1202 (9th Cir. 2005) (same).

Petitioner does not argue that his procedural default should be excused, either by demonstrating cause and prejudice, or that failure to consider his claims will result in a fundamental miscarriage of justice. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722, 750 (1991). Accordingly, habeas relief as to the defaulted IAC claims is precluded.

     B.   <u>Waiver of Right to Speedy Trial/Failure to Investigate</u>.

As noted above, petitioner exhausted his available state remedies as to his claims that trial counsel was ineffective for waiving petitioner's right to a speedy trial and failing to adequately investigate the availability of alibi witnesses.

In order to prevail on a claim of ineffective assistance of counsel, in a case involving a guilty plea, a petitioner must prove that counsel's performance fell below an objective standard of reasonableness and there is a reasonable probability that, but for counsel's errors, petitioner would not have pleaded guilty and would have insisted on going to trial. Hill, 474 U.S. at 58-59; Washington v. Lampert, 422 F.3d 864, 873 (9th Cir. 2005), cert. denied, 547 U.S. 1074 (2006); Lampert v. Blodgett, 393 F.3d 943, 979-80 (9th Cir. 2004), cert. denied, 546 U.S. 963 (2005).

In his state post-conviction deposition, petitioner testified that three alibi witnesses, who had been available to testify in his defense, were not available by the time his case finally was set for trial. Resp. Exh. 112 at 17-22. Trial counsel, however, attested that his firm's investigator interviewed the potential witnesses and "was not able to discover anything that would successfully establish an alibi defense." Resp. Exh. 127 at 2.

In rejecting petitioner's ineffective assistance of counsel claims, the post-conviction court concluded that trial counsel's performance was not deficient because (1) "[t]rial counsel had no basis to believe that petitioner's constitutional right to a fast and speedy trial had been violated"; and (2) "[t]rial counsel used an investigator to investigate petitioner's alibi witnesses but was not able to discovery anything that would successfully establish an alibi defense."

7 -- OPINION AND ORDER

Petitioner fails to address these IAC claims in his supporting memorandum to this court. Based upon my review of the state court record, I find no basis for concluding that the post-conviction court's rejection of these IAC claims was either contrary to, or an unreasonable application of clearly established law, or was based upon an unreasonable determination of the facts. See 28 U.S.C. § 2254(d). Accordingly, habeas relief is not warranted as to these claims.

## II. Grounds for Relief Two, Three and Four - Due Process.

In grounds two, three and four, petitioner complains that the trial judge failed to take a proper oath of office. Petitioner argues that the trial court was, therefore, "unconstitutional" until the judge retook the oath. This claim was not raised in a direct appeal or in petitioner's post-conviction proceeding. Petitioner attempted to raise the claim in a state habeas corpus proceeding and a successive state post-conviction proceeding. Relief was denied in both proceeding based upon independent and adequate state rules. (Resp. Exh. 146, attachment D; Exh. 151.) Accordingly, petitioner procedurally defaulted his available state remedies. See Bennett v. Mueller, 322 F.3d 573, 580 (9th Cir.), cert. denied, 540 U.S. 938 (2003); LaCrosse v. Kernan, 244 F.3d 702, 704 (9th Cir. 2001).

Petitioner does not argue that his procedural default should be excused, either by demonstrating cause and prejudice, or that

8 -- OPINION AND ORDER

failure to consider his claims will result in a fundamental miscarriage of justice. Accordingly, habeas relief as to the defaulted claims is precluded. Alternatively, I deny the claims based upon the reasoning in prior decisions of this court. See Haggington v. Hill, 2005 WL 3244325 (D.Or. Nov. 29, 2005); Brazille v. Hill, 02-1696-MA, Order (#11) at 2-3.[1]

### III. Knowing and Voluntary Nature of Guilty Plea.

Petitioner's supporting memorandum addresses one issue - whether petitioner's guilty plea was knowing and voluntary in light of the fact that he was unaware that the Bureau of Prisons would not recognize and give effect to the parties' agreement that petitioner's state and federal sentences run concurrent. This claim fails for several reasons.

First, the claim was not raised as a ground for relief in petitioner's habeas corpus petition. Claims not raised in the petition need not be considered by this court. Cacoperdo v. Demosthenes, 37 F.3d 504, 507 (9th Cir. 1994), cert. denied, 514 U.S. 1026 (1995); Rule 2(c), Rules Governing Section 2254 Cases.

Second, the claim was procedurally defaulted due to petitioner's failure to raise the claim on appeal from the post-

---

[1] Because the claims fail on the merits, I do not address respondent's assertion that the claims were waived by petitioner's guilty plea. See United States v. Johnston, 199 F.3d 1015, 1019 n.3 (9th Cir. 1999), cert. denied, 530 U.S. 1207 (2000) (noting that jurisdictional claims are not waived by guilty plea).

conviction proceeding.  Petitioner has made no showing that his procedural default should be excused, either by demonstrating cause and prejudice, or that failure to consider petitioner's claims will result in a fundamental miscarriage of justice.  Accordingly, habeas relief is precluded.

**IV.  Respondent's Assurance**.

Although federal habeas corpus relief is not warranted, the court reminds respondent of his assurance that further action shall be taken by the state to ensure that petitioner obtain the benefit of his plea bargain:

> The superintendent is mindful the plea agreement was not honored.  for reasons that are unclear, the post-conviction judgment does not appear to have been forwarded to Multnomah County.  Counsel has taken steps to ensure the judgment is forwarded, and has been in contact with the United States Attorney's Office for the District of Oregon, the Regional Counsel for the Federal Bureau of Prisons, and the Multnomah County District Attorney's Office.  While a waiver of primary jurisdiction at this point would not appear to benefit Rambo, the state sentences were vacated by the post-conviction court and he may be re-sentenced to time-served on the Oregon sentences, and released to the federal authorities. Counsel will ensure this occurs as soon as possible.

(Reply at 5.)

///

///

///

///

///

10 -- OPINION AND ORDER

## **CONCLUSION**

Based on the foregoing, petitioner's habeas corpus petition (#2) is DENIED, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this ___30th___ day of January, 2008.

                                                /s/ Garr M. King
                                                Garr M. King
                                                United States District Judge